EXRP 14 Holdings LLC v LS-14 Ave LLC (2025 NY Slip Op 03276)

EXRP 14 Holdings LLC v LS-14 Ave LLC

2025 NY Slip Op 03276

Decided on June 03, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 03, 2025

Before: Webber, J.P., Gesmer, Rodriguez, Higgitt, O'Neill Levy, JJ. 

Index No. 652698/22|Appeal No. 4526-4527 & M-02564|Case No. 2024-02502, 2025-01306|

[*1]EXRP 14 Holdings LLC, Plaintiff-Respondent,
v
LS-14 Ave LLC, Defendant-Appellant. 

Kasowitz Benson Torres LLP, New York (Jennifer McDougal of counsel), for appellant.
Cyrulnik Fattaruso LLP, New York (Jason Cyrulnik of counsel), for respondent.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered March 13, 2024, which, insofar as appealed from as limited by the briefs, required defendant to return plaintiff purchaser's $2.8 million down payment, unanimously affirmed, without costs. Order, same court and Justice, entered on or about October 7, 2024, which, insofar as appealed from as limited by the briefs, denied defendant's motion for summary judgment dismissing plaintiff's tortious interference claim, unanimously affirmed, without costs.
Tortious interference with contract requires: "the existence of a valid contract between the plaintiff and a third party, defendant's knowledge of that contract, defendant's intentional procurement of the third-party's breach of the contract without justification, actual breach of the contract, and damages resulting therefrom" (Lama Holding Co. v Smith Barney, 88 NY2d 413, 424 [1996]).
Documentary and deposition evidence raised an issue of fact as to whether defendant knew of plaintiff's lease with nonparty JP Morgan Chase. It was not necessary that defendant know the full details or even whether the agreement was legally binding. It was sufficient that defendant knew of the fact of the agreement (see Don King Prods., Inc. v Douglas, 742 F Supp 741, 775 [SD NY 1990]).
Issues of fact also exist as to whether defendant intentionally interfered with the lease. The evidence suggested that defendant sought to obtain the tenant for itself. Furthermore, the court's prior order upon defendant's failure to produce various internal documents regarding the delays in construction entitled plaintiff to an adverse inference that those documents would have shown the delays were to intentionally interfere with the lease.
In any event, given that defendant had materially breached its purchase and sale agreement with plaintiff (see EXRP 14 Holdings LLC v LS-14 Ave LLC, 228 AD3d 498, 498-499 [1st Dept 2024]), defendant lacked legal justification for such interference.
While JP Morgan Chase did not breach the lease with plaintiff, there were issues of fact as to whether defendant's actions caused plaintiff to be unable to perform under the lease. If established, that is sufficient for tortious interference (see Havana Cent. NY2 LLC v Lunney's Pub, Inc., 49 AD3d 70, 72-73 [1st Dept 2007]).
Defendant is correct that the direction of the court in its order that defendant return the down payment was premature, given that there had been no adjudication of plaintiff's claim for breach of contract and defendant's counterclaim for breach of the covenant of good faith and fair dealing. However, because we ultimately held that defendant had no counterclaim, and that it had materially breached the parties' contract, the error was harmless (see EXRP 14 Holdings LLC, 228 AD3d at 499-500).
Our prior ruling also disposed of defendant's bad faith affirmative defense. While we did not expressly rule on the defense, we held that the conduct upon which the defense was [*2]based was either lawful or caused defendant no injury (id.).
M-2024-2564 — EXRP 14 Holdings LLC v LS-14 Ave LLC
Motion to supplement the record, granted.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 3, 2025